UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------ X
GERARDO PAVON, ET AL.,

                         Plaintiffs,           **ORDER ADOPTING REPORT**
                                                **AND RECOMMENDATION**

    -against-
                                             11-cv-4544(KAM)(RLM)
JOE'S PIZZERIA, ET AL.,

                         Defendants.
------------------------------------ X

**MATSUMOTO, United States District Judge:**

        On September 19, 2011, plaintiff Gerardo Pavon initiated this action on behalf of himself and other similarly situated employees pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), against Joe's Pizzeria, Joseph Patani, and Kamran Malakan ("defendants"). (*See generally* ECF No. 1, Complaint.)  On December 9, 2011, Omar Juarez filed a consent form to become a party to this class action suit.  (ECF No. 19, Consent by Omar Juarez.)

        On March 27, 2012, after the parties had commenced discovery under the supervision of Magistrate Judge Roanne L. Mann, Magistrate Judge Mann held a status conference to explore whether Mr. Pavon and Mr. Juarez intended to pursue their claims against defendants.  (*See* Minute Entry dated 3/27/2012.)  After determining that plaintiffs intended to proceed with their claims, Judge Mann set June 15, 2012 as the deadline for fact discovery to be completed, and also ordered the parties to

submit a status letter by June 8, 2012.  (*Id.*)

On August 10, 2012, counsel for plaintiffs, Peter Cooper, Esq., filed a letter with the court seeking permission to withdraw as attorney for plaintiffs.  (ECF No. 41, Letter Motion to Withdraw, dated 8/10/2012.)  According to Mr. Cooper, he had tried and failed many times in the months since the March 27, 2012 status conference to contact Mr. Pavon and Mr. Juarez, but both plaintiffs had refused to communicate with Mr. Cooper. (ECF No. 41-1, Affirmation of Peter Cooper, Esq. in Support of Motion to Withdraw, dated 8/10/2012, ¶ 4.)

After receiving Mr. Cooper's motion to withdraw, Judge Mann scheduled a status conference for September 20, 2012 to address the pending motion and specifically ordered both Mr. Pavon and Mr. Juarez to appear in person.  (ECF No. 42, Scheduling Order, dated 8/10/2012.)  Judge Mann further warned Mr. Pavon and Mr. Juarez that failure to appear would result in granting their counsel's motion to withdraw, imposition of monetary sanctions, and potential dismissal of their claims with prejudice.  (*Id.*)

A status conference was held on September 20, 2012 before Judge Mann.  (ECF No. 43, Minute Entry and Order, dated 9/20/2012.)  Mr. Pavon appeared at the status conference along with Mr. Cooper, Mr. Pavon's wife, and a Spanish-language interpreter.  (*Id.*)  Mr. Juarez, however, failed to appear.

2

(*Id.*)  Because Mr. Pavon had appeared in person, Judge Mann declined at that time to recommend dismissal of either plaintiff's claim.[1]  (*Id.*)

Subsequently, on January 18, 2013, Judge Mann held an order to show cause hearing with the parties to address the unrelated issue of defendant Kamran Malakan's failure to appear for a court-ordered arbitration.  (ECF No. 55, Minute Order, dated 1/18/2013.)  At the January 18, 2013 show cause hearing, Mr. Cooper informed Judge Mann that Mr. Juarez had continued to ignore Mr. Cooper's communication attempts and that, at that point, Mr. Juarez had been ignoring Mr. Cooper for more than a year.  (ECF No. 56, Order to Show Cause, dated 1/18/2013.)

As a result, on January 18, 2013, Judge Mann issued an Order to Show Cause directed to Mr. Juarez, ordering him to show cause in writing, on or before January 28, 2013, why his claims should not be dismissed for lack of prosecution.  (*Id.* at 2.) Judge Mann also expressly informed Mr. Juarez in the Order to Show Cause dated January 18, 2013 that if the court did not receive his response by January 31, 2013, Mr. Juarez's claims would be dismissed and Mr. Cooper's motion to withdraw as his attorney would be granted.  (*Id.*)

---

[1] Mr. Pavon has apparently recently settled his claim against defendant Kamran Malakan; however, Mr. Pavon has yet to file a stipulation of discontinuance of Mr. Pavon's claims against Mr. Malakan, even though Judge Mann ordered him to do so on or before April 1, 2013.  (*See* ECF No. 58, Order dated 2/20/2013.)

Mr. Juarez was served with the Order to Show Cause dated January 18, 2013, along with a Spanish translation, via Federal Express at his last known address of record. (*See* docket entry dated 1/18/2013 (clerk's notation of service).)  As of February 22, 2013, Mr. Juarez had not responded to the January 18, 2013 Order to Show Cause issued by Judge Mann. Indeed, Mr. Juarez has not responded to the Order to Show Cause as of the date of this Memorandum and Order.

## DISCUSSION

Presently before the court is a Memorandum and Order/ Report and Recommendation issued by Judge Mann on February 22, 2013, (i) granting Mr. Cooper's motion to withdraw from representing Mr. Juarez and (ii) recommending that the court dismiss Mr. Juarez's claims for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 59, Report and Recommendation, dated 2/22/2013 ("R&R"), at 2-3.)

As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed on or before March 11, 2013. (R&R at 3.) Judge Mann's Report and Recommendation further directed the clerk of court to serve a copy of the Report and Recommendation, along with a Spanish-language translation, upon Mr. Juarez by Federal Express at his last known address of record. (*Id.*) The clerk of court served Mr. Juarez with a copy of the Report and

4

Recommendation, along with a Spanish-language translation, as ordered by Judge Mann. (*See* docket entry dated 2/22/2013 (clerk's notation of service).) The period for filing objections has now expired, *see* Fed. R. Civ. Proc. 6(d), and no objections to Magistrate Judge Mann's Report and Recommendation have been filed by Mr. Juarez.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon review of Magistrate Judge Mann's thorough and well-reasoned Report and Recommendation and the record in this case, and considering that no party has objected to any of Magistrate Judge Mann's recommendations, the court finds no clear error in the Report and Recommendation and hereby affirms and adopts it as the opinion of the court.

## CONCLUSION

For the foregoing reasons, plaintiff Omar Juarez's claims are hereby dismissed, with prejudice, for lack of

prosecution pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court is respectfully requested to enter judgment in favor of defendants and against Mr. Juarez.

Additionally, the Clerk of the Court is respectfully requested to serve a copy of the Judgment, this Memorandum and Order, and an appeals packet upon Mr. Juarez at his last known address, along with Spanish-language translations of all these enumerated documents, and to note service on the docket. Plaintiff Omar Juarez may file a notice of appeal of this Memorandum and Order within thirty (30) days of the date of the entry of the judgment, as specified in the appeals packet.

**SO ORDERED.**

Dated:    May 16, 2013
          Brooklyn, New York

                              ____/s/_____ _____
                              Kiyo A. Matsumoto
                              United States District Judge
                              Eastern District of New York

6